```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

JIMMY G. NIXON, SR., et al.,    :
                                :   Civil Action No. 10-0546 (JBS)
          Plaintiffs,           :
                                :
          v.                    :   **MEMORANDUM OPINION**
                                :
DONNA ZICKEFOOSE, et al.,       :
                                :
          Defendants.           :

**APPEARANCES**:

Plaintiffs pro se
Jimmy G. Nixon, Sr.
Luis Rodriguez
P.O. Box 2000
Fort Dix, NJ 08640

**SIMANDLE**, District Judge

    Plaintiffs Jimmy G. Nixon, Sr., and Luis Rodriguez, prisoners confined at the Federal Correctional Institution at Fort Dix, New Jersey, seek to bring this civil action as representative of a class of prisoners confined in Building 5703 from January 7, 2010 to January 27, 2010.  Plaintiffs have neither prepaid the $350 filing fee for a civil action nor submitted applications for leave to proceed in forma pauperis.

    Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915.  The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee.  28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint.  28 U.S.C. § 1915(a)(2).  The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined.  Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments.  28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

Plaintiffs may not have known when they submitted their complaint that they must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is

immune from such relief.  28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions).  See also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions).  If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

The Court notes that Plaintiff Jimmy G. Nixon is barred by § 1915(g) from proceeding in forma pauperis unless he can show that he is in imminent danger of serious physical injury because he has suffered at least three previous federal court dismissals for cases that were frivolous or malicious or failed to state a claim.  See Nixon v. Johnson, No. 02-13828-B (11th Cir. Oct. 1, 2002); Nixon v. Connor, Civil No. 98-0295 (E.D. Tex. April 15, 1998); Nixon v. Hawk-Sawyer, Civil No. 98-0295 (5th Cir. April

3

14, 2000); <u>Nixon v. Hawk-Sawyer</u>, Civil No. 98-2212 (W.D. La. Aug. 19, 1999); <u>Nixon v. Cesterline</u>, Civil No. 97-1461 (W.D. La. July 9, 1998).  The allegations of the Complaint are not sufficient to demonstrate that Plaintiff Nixon is in imminent danger of serious physical injury.

In this action, as noted above, Plaintiffs failed either to prepay the filing fee or to submit complete <u>in forma pauperis</u> applications as required by 28 U.S.C. § 1915(a)(1), (2), including a certified account statement.  <u>See</u>, <u>e.g.</u>, <u>Tyson v. Youth Ventures, L.L.C.</u>, 42 Fed.Appx. 221 (10th Cir. 2002); <u>Johnson v. United States</u>, 79 Fed.Cl. 769 (2007).

As noted above, Plaintiffs seek leave to proceed as representatives of a class of prisoners in Building 5703.

Pursuant to Rule 23(a) of the Federal Rules of Civil Procedure:

> (a)  One or more members of a class may sue or be sued as representative parties on behalf of all members <u>only if</u>:
>     (1)  the class is so numerous that joinder of all members is impracticable;
>     (2)  there are questions of law or fact common to the class;
>     (3)  the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>     (4)  the representative parties will fairly and adequately protect the interests of the class.

(emphasis added).  "The requirements of Rule 23(a) are meant to assure both that class action treatment is necessary and efficient and that it is fair to the absentees under the

particular circumstances." Baby Neal by Kanter v. Casey, 43 F.3d 48, 55, 30 Fed.R.Serv.3d 1469 (3d Cir. 1994).

Without deciding at this time whether this matter is otherwise appropriate for class certification, this Court finds that Plaintiff Jimmy G. Nixon, Sr., will not fairly and adequately protect the interests of the class. In addition to the numerous cases dismissed as frivolous or for failure to state a claim, Plaintiff Nixon has had numerous civil actions dismissed for failure to prosecute or to comply with the filing fee requirements. See, e.g., Nixon v. Brooks, Civil No. 99-2039 (D. Colo.); Nixon v. Hawk-Sawyer, Civil No. 98-1840 (D.D.C.); Nixon v. Keels, Civil No. 00-0275 (S.D. Miss.); Nixon v. Killian, Civil No. 06-0246 (W.D. Tex.); Nixon v. Bureau ofPrisons, No. 07-31020 (5th Cir.); Nixon v. Connor, No. 99-40506 (5th Cir.); Nixon v. Hawk-Sawyer, Civil No. 99-0197 (E.D. Tex.); Nixon v. Johnson, Civil No. 02-0095 (N.D. Fla.). See also Nixon v. Sanders, Civil No. 04-0193 (E.D. Ark.) (dismissed at plaintiff's request because of lost files). The Court takes judicial notice of these matters of public record upon federal court dockets. It would not be appropriate to permit a plaintiff with such a history of failure to prosecute to act as a class representative, because his lengthy record of dismissals for failure to prosecute his own cases simply demonstrates that he cannot qualify as an adequate

class representative for other class members as required by Rule 23(a)(4), Fed. R. Civ. P.

CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee.

Plaintiff Luis Rodriguez will be granted leave to move to re-open within 30 days.[1]  Plaintiff Jimmy G. Nixon, Jr., will not be permitted to serve as a class representative, nor will he be permitted to proceed as a plaintiff on his own behalf without prepayment of fees.

An appropriate Order will be entered.

   s/ Jerome B. Simandle
Jerome B. Simandle
United States District Judge

Dated: **February 19, 2010**

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995).